[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Samuel R. Finley, Jr. brings this petition for a writ of habeas corpus alleging ineffective assistance by his trial counsel David K. Labriola. After a court trial the petitioner was convicted of Arson in the First Degree. The petitioner was sentenced on December 11, 1992 to 15 years incarceration suspended after he served 10 years with 3 years probation. His conviction was upheld by the Appellate Court.State v. Finley, 34 Conn. App. 823 (1994).
The petitioner was charged and convicted of Arson in the First Degree. His trial took place on October 20, and 28, 1992 CT Page 12178 and he was sentenced on December 11, 1992. The State alleged that on July 24, 1991 the petitioner set fire to a trailer owned by the Waterbury Construction Company and which was located at the Lower Ledge School in Beacon Falls, Connecticut. The petitioner was hired by the Waterbury Construction Company through the Union Hall on July 22, 1991. On July 23, 1991 he was laid off by the said company. On July 24, 1991 he showed up for work and when he was told he no longer was employed he punctured a Clorox container which had kerosene in it and which he was carrying and spilled it on the plans of the job he previously worked in a trailer owned by his former employer, Waterbury Construction Company. Inside the trailer at the time was the job Superintendent, Claude Bontate. According to the trial transcript Mr. Bontate testified that the petitioner spilled some of the kerosene on his clothes. He stated that when he saw the petitioner trying to strike a match he immediately exited the trailer. Within seconds the trailer was on fire.
The Connecticut Supreme Court has adopted the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984) to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice Id. To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. . . . The petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. 702. To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for CT Page 12179 counsel's unprofessional errors, the result of the proceeding would have been different Id. 702.
The petitioner alleges that his counsel rendered ineffective assistance at trial in violation of his 6th and 14th amendment rights when he unreasonably and prejudicially:
 (a) failed properly and adequately to prepare for trial because he failed to;
 (1) adequately to determine and develop petitioner's version of the facts;
(2) adequately to investigate the relevant facts;
(3) to interview the relevant witnesses;
(4) file appropriate pretrial motions;
(b) failed to request a mistrial;
(c) failed to discuss option of lesser included offense;
 (d) failed to file motion in limine to prevent petitioner's criminal record from coming in when he testified;
 (e) failed to adequately explain one's 5th Amendment Rights of Self Incrimination as it applied to petitioner as to his decision to take the stand and testify.
He further alleges that but for Attorney Labriola's actions and inactions, as described above it is probable that the result of the proceedings would have been different.
The petitioner states in his amended petition that his counsel failed to prepare adequately for sentencing, including:
 (a) investigating the circumstances of the petitioner's life which were supportive of an argument for a lesser sentence;
 (b) meeting with the petitioner to discuss factors supportive of an argument for a lesser sentence;
 (c) meeting with the petitioner to discuss factors supportive of a favorable presentence investigation; CT Page 12180
 (d) reviewing the presentence investigation report with the petitioner sufficiently in advance of the sentencing hearing to permit preparation of an argument in support of a lesser sentence.
He further alleges that but for counsel's actions and inactions described in the above paragraphs there is reasonable probability that the result of the sentencing would have been different.
The petitioner prays that the Court grant the following relief:
 (a) that the petitioner be brought before the Court so that justice may be done;
 (b) that the conviction and sentence in case CR91 0089850S be vacated and the case remanded for a new trial;
(c) such other and further relief as law and justice may require.
The petitioner claims that Attorney Labriola did not explain to him he was waiving a constitutional right to a jury trial when he elected to be tried by the court. He testified he chose a court trial because his Attorney told him he knew the judges. However in a transcript of September 1, 1992 where the petitioner elected to be tried by the court he was canvassed by Judge Michael Hartmere about this election and he stated he knew he was entitled to a jury trial and he was giving up that right. The Court at that time found that he voluntarily and freely and knowingly and intelligently waived his right to a jury trial and elected a trial to the court.
The petitioner also claims that Attorney Labriola did not interview relevant witnesses. Attorney Labriola stated that he discussed witnesses with the petitioner but he chose not to interview any of them.
The petitioner claims that he testified at trial and that his attorney did not prepare him to testify. He claims that his attorney did not explain his Fifth Amendment Rights against Self Incriminations to him. Attorney Labriola testified that he made it clear to the petitioner what his constitutional rights were relative to testifying at trial. Attorney Labriola testified he made it clear to the petitioner that it was his own decision CT Page 12181 whether he testified or did not testify.
As to the allegations that Attorney Labriola did not adequately determine and develop the petitioner's version of the facts the petitioner did not sustain his burden of proof. There was not evidence that there was any basis in fact for this allegation.
The petitioner alleged that Attorney Labriola failed to file appropriate pretrial motions. Attorney Labriola stated he did not think it was necessary to file any pretrial motions because at the time the Milford State's Attorney's office had an "open file policy." Under that policy Attorney Labriola had access to the State's file and whatever evidence they had upon request.
The petitioner alleges that Attorney Labriola failed to request a mistrial when at the conclusion of the case the Trial Judge announced his finding of guilty before final arguments. This matter was taken up by the Connecticut Appellate Court and it was found not to be grounds for overturning the conviction of the petitioner. State v. Finley, supra 831.
The petitioner also alleges that his attorney was ineffective because he failed to discuss the option of lesser included offenses. However even if this were correct it would have made no difference whatsoever because the petitioner was found guilty of the crime charged.
During this hearing the petitioner's attorney alleged that Attorney Labriola did not try to impeach the State's witness Claude Bontate on the basis that he gave an inconsistent statement. However, a review of the transcript of October 20, 1992 (Exhibit D) reveals that Attorney Labriola questioned Claude Bontate about the alleged inconsistent statement.
Also during this hearing the petitioner's attorney questioned the effectiveness of Attorney Labriola when he made a Motion for a Directed Verdict of Innocence at the conclusion of the State's case and not a Motion for Judgment of Acquittal as stated in § 883 of the Connecticut Practice Book. This is a semantical argument. The Directed Verdict of Innocence was denied by the Court. The result would have been the same if Attorney Labriola had filed a Motion for Judgment of Acquittal as is evidence by the finding of guilty by the trial Judge. CT Page 12182
The petitioner also alleged that Attorney Labriola did not discuss any defenses with him prior to his trial. The Court finds no merit to this claim.
Mr. Finley also alleges that Attorney Labriola did not discuss his mental state at the time of the offense. Attorney Labriola testified that he did discuss the petitioner's mental state with him prior to trial.
The petitioner also alleged that Attorney Labriola failed to file a Motion in Limine to prevent the petitioner's prior criminal record from being put before the Court. The Court finds no merit to this claim because in this Court's opinion the two prior larceny convictions and one Failure to Appear in the First Degree would have been admissible during the trial since those crimes related to the credibility of the defendant and occurred not more than ten years prior to the trial.
The petitioner also alleges that Attorney Labriola was ineffective during the sentencing portion of his trial. The Court finds no merit to this claim. Attorney Labriola spoke to the petitioner and his parents prior to any of them speaking to the Probation Officer who was preparing a Presentence Investigation Report on him. He advised then to speak the truth and put the petitioner in the best light.
The Court found Attorney Labriola to be a very credible witness and found his testimony to be truthful. The petitioner has not sustained his burden of proof on any of the allegations in his Amended Return dated October 23, 1995. He has not satisfied the first prong under the test set forth in Stricklandv. Washington, supra, in proving that Attorney Labriola's representation of him was deficient. Likewise he has not proven the second prong of the aforesaid test as there is not a scintilla of evidence to support the second prong of actual prejudice to the petitioner by Attorney Labriola's representation of him.
For the foregoing reasons the petitioner's request for a habeas corpus is denied.
William J. Sullivan, Judge CT Page 12183